IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRY MICHAEL BUZBEE II,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of the Social Security
Administration,

    Defendant.

Civ. No. 3:15-cv-00597-MC

OPINION AND ORDER

**MCSHANE, Judge:**

    Plaintiff Terry Michael Buzbee II filed a motion (ECF No. 30) for attorney fees in the amount of $9,769.86 under the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner, in response, opposes this motion, arguing that the number of hours Plaintiff's counsel expended on this matter is unreasonable. For the reasons set forth below, Plaintiff's petition (ECF No. 30) is GRANTED.

## **STANDARD OF REVIEW**

    The EAJA provides that courts "may award reasonable fees and expenses" to the prevailing party. 28 U.S.C. § 2412(b). A plaintiff carries "the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1982). The Court must determine whether the attorney fees being requested are reasonable. *Comm'r, I.N.S., et al. v. Jean*, 496 U.S. 154, 158 (1990); 28 U.S.C. § 2412(d)(1)(A).

1 – OPINION AND ORDER

## DISCUSSION

Whether attorney fees are appropriate under the EAJA is not at dispute in this case, as the Commissioner concedes that Plaintiff is the prevailing party and that the Commissioner's litigation position was not substantially justified. Instead, the Commissioner argues that this Court should reduce Plaintiff's requested award by 40% to $6,513.25 for 34.32 hours of work, down from $9,769.86 for 51.48 hours of work.[1] The Commissioner argues that this reduction is warranted due to the brevity of the administrative record in this case—467 pages—and the alleged simplicity of legal issues presented. The Commissioner also highlights counsel's extensive experience with this area of law, the fact that this dispute was resolved by stipulation, and that counsel conducted unnecessary research. Response, 6, ECF No. 32.

Under *Hensley,* hours that are not "reasonably expended" or which are "excessive, redundant or otherwise unnecessary" are not compensable. *See Hensley,* 461 U.S. at 434. However, under recent Ninth Circuit jurisprudence that is binding upon this Court, in determining what constitutes a reasonable fee award under the EAJA, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *See Costa v. Comm'r. of Soc. Sec. Admin.,* 690 F.3d 1132, 1136 (9th Cir. 2012). Here, the Commissioner provides specific reasons for suggesting a reduction as opposed to arguing for a *de facto* cap. While I commend this approach and find that it is in line with *Costa,* I am not persuaded by these reasons.

Although I agree that a 467-page administrative record is in the middling range of total record lengths that have come before me, this is not a proper basis for finding that Plaintiff's counsel has somehow unreasonably inflated time spent on this case. Long records may follow a

---

[1] I note that the latter hourly total and award sought by Plaintiff in the instant motion reflects a self-imposed reduction of 10%, down from 57.2 total hours expended by Plaintiff's counsel on this case.

simple case. A complex case may contain a beguilingly brief record. Here, Plaintiff's counsel brought six separate arguments in favor of remand, Pl.'s Brief, 1, ECF No. 15, to which the Commissioner ultimately stipulated; Plaintiff suffers or has been diagnosed with an array of relevant psychological and mental disorders throughout many years of treatment, Tr. 142; and Plaintiff's counsel characterizes this case, using judgment to which I defer, as "incredibly complicated." Reply, 2, ECF No. 33; *Costa*, 690 F.3d at 1136.

I also dismiss outright the argument that counsel's extensive experience in this area lends to the unreasonableness of her billed hours. If anything, counsel's experience bolsters her judgment, to which the Ninth Circuit would have me defer. *Costa*, 690 F.3d at 1136. In that vein, Plaintiff's counsel has already exercised her experienced judgment by voluntarily reducing her total hours by 10%. Reply, 9, ECF No. 33.

Additionally, the fact that this dispute was resolved by stipulation does not nullify the fact that Plaintiff submitted an extensive and well-researched opening brief on a multi-layered case involving a mentally and psychologically disordered claimant. Beyond preventing Plaintiff from having to submit a reply brief, stipulation alone is not enough to warrant a reduction in the hours Plaintiff requests in his EAJA motion.

Finally, as to the Commissioner's unnecessary research argument, she posits that "the necessity and relevance of some of counsel's research is not established." Response, 5, ECF No. 32. The Commissioner offers, by way of example, the fact that Plaintiff cites a scientific publication regarding cognitive set shifting deficits related to repetitive behavior in individuals on the autism spectrum. *Id.* The Commissioner follows with this: "Plaintiff does not have autism, and the relevance of this lengthy article and reasonableness of time spent reviewing it is questionable." *Id.* Where to begin? First, the Commissioner does not list, and likely does not

know, the amount of time Plaintiff's counsel spent researching the article in question. Second, the article was noted in Plaintiff's opening brief in passing to show that a diagnosis involving "cognitive sets" may have had deeper importance than that assigned to it by the ALJ in this case. Third, it is not incumbent upon an attorney to ensure that all items within a brief have utility or even relevance, it is merely desirable. Fourth, offering supporting academic material assists courts in their *de novo* assessment of complex diagnoses, and it is for the court to decide the relevance of such material. Fifth, a scientific article about problems suffered by individuals with Autism Spectrum Disorder from inabilities or difficulties shifting cognitive sets provides much-needed context for a diagnosis in which a physician explains that a claimant has difficulty maintaining cognitive sets. Finally, notwithstanding all of this clear logic, I defer to the judgment of Plaintiff's counsel in deciding to research the article in question, as well as all other research contributing to her success in this case. *See Costa*, 690 F.3d at 1136.

## CONCLUSION

Plaintiff's requested EAJA fees of $9,769.86, as well as postage costs of $9.00 and photocopying costs of $6.00, are reasonable in light of the foregoing analysis. The Court hereby awards attorney fees in the amount of $9,784.86 to Plaintiff's attorney, Nancy J. Meserow pursuant to the EAJA. The Commissioner shall direct payment to Nancy J. Meserow, at the Law Office of Nancy J. Meserow, 7540 SW 51st Ave., Portland, Oregon, 97219, on behalf of Plaintiff. This payment is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

DATED this _11_ th day of May, 2016.

                                                **Michael J. McShane**
                                                United States District Judge